**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2735-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GREGORY J. BARTHOLOMEW,
a/k/a BOO BOO, GREG, and ZIGGY,

    Defendant-Appellant.

_____

Submitted January 28, 2020 – Decided March 3, 2020

Before Judges Yannotti and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 98-05-0658.

Gregory J. Bartholomew, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order of the Law Division dated January 22, 2019, which denied his motion for a reduction of his sentence. We affirm.

Defendant was charged under Indictment No. 98-05-0658 with five counts of first-degree armed robbery, N.J.S.A. 2C:15-1(a) (counts one, three, five, seven, and nine), and five counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (counts two, four, six, eight, and ten). The trial court dismissed counts nine and ten, and defendant was then tried before a jury, which found him not guilty on counts five and six, but guilty on the remaining counts.

At sentencing, the trial court merged counts two, four, and eight with counts one, three and seven, respectively. Because defendant previously had been convicted of two armed robberies, the court sentenced defendant for the robberies to concurrent terms of life imprisonment without parole, pursuant to N.J.S.A. 2C:43-7.1, the so-called "Three Strikes Law." The judge entered a judgment of conviction (JOC) dated May 31, 2001.

Defendant appealed from the JOC. We affirmed defendant's convictions and sentence. State v. Bartholomew, No. A-0951-01 (App. Div. March 5, 2003). The Supreme Court denied defendant's petition for certification. State v. Bartholomew, 177 N.J. 572 (2003).

In August 2004, defendant filed a petition for post-conviction relief (PCR), alleging ineffective assistance of counsel. On November 13, 2007, the court denied the petition and defendant appealed. We affirmed the order denying PCR. State v. Bartholomew, A-4801-07 (App. Div. May 4, 2009). The Supreme Court denied defendant's petition for certification. State v. Bartholomew, 200 N.J. 210 (2009).

In July 2010, defendant filed a petition for writ of habeas corpus in the United States District Court for the District of New Jersey. The district court found that the petition was time-barred and refused to issue a certificate of appealability. Bartholomew v. Ricci, Civ. A. No. 10-3666 FLW, 2011 WL 5869595 (D.N.J. Nov. 21, 2011). The Court of Appeals for the Third Circuit dismissed defendant's appeal for lack of jurisdiction.

Defendant then filed a motion in the district court pursuant to Fed. R. Civ. P. 60(b) for relief from the judgment dismissing his habeas petition. On September 20, 2013, the court denied the motion. Defendant later filed another motion in the district court pursuant to Fed. R. Civ. P. 60(b) for relief from the judgment. On October 12, 2018, the court denied the motion. Bartholomew v. Ricci, Civ. A. No. 10-3666 FLW, 2018 WL 4953007 (D.N.J. Oct. 12, 2018).

On January 6, 2016, defendant filed a second petition for PCR in the Law Division, which he withdrew. Defendant refiled the petition on June 7, 2016. On August 1, 2016, the PCR court found that good cause did not exist for the assignment of counsel and dismissed the petition as untimely. We affirmed the court's order. State v. Bartholomew, No. A-5490-16 (App. Div. Feb. 7, 2019). In 2017, defendant filed two additional PCR petitions. The court entered orders denying the petitions on April 28, 2017, and June 30, 2017.

In June 2018, defendant filed a pro se motion for a reduction of his sentence pursuant to Rule 3:21-10(b)(3). In his motion, defendant stated that he has taken "every class available to address his anti-social issues and criminal behavior." He asserted that in 2001, he "accepted" religion "into his life." In 2004, defendant married a woman he met sometime earlier.

Defendant stated that in 2017, the State established a Substance Use Disorder (SUD) program at one of its correctional facilities. He wrote to a state agency seeking information about admission to the program. He allegedly was informed he could not be admitted to the program unless he had medium custody status and ten years or less remaining on his sentence.

Defendant argued that he established "good cause" for a change of his sentence under Rule 3:21-10(b)(3). He noted that the Ocean County

Prosecutor's Office (OCPO) had not joined in his motion. He argued, however, that the rule does not require the prosecuting attorney to agree to his motion. He stated that "[r]etribution must give way to the redemption of each individual." He said he has served twenty years of his sentence, and during those twenty years, he has found the redemption needed for rehabilitation.

Defendant also stated that the State's judicial system and the New Jersey Department of Corrections had accomplished what they were "designed to do," which is "to completely change[] a criminal into a law abiding system and productive member of our society . . . ." He asked what additional actions he would be required to take to have the OCPO join in his motion.

Defendant added that in August 2018, his wife would turn seventy-five years old. He expressed concerns about her ability to meet the expenses of her home. He asserted that he is employable and would be able to provide "the necessary money" to help her meet expenses, presumably upon his release.

The judge addressed defendant's motion in a written opinion. The judge noted that defendant did not file his motion within the time required by Rule 3:21-10(a), and he was seeking relief under Rule 3:21-10(b)(3). The judge stated that he could only grant the relief under that section of the rule if the relief

A-2735-18T4

was requested upon the joint application by defendant and the prosecuting attorney.

The judge noted that the OCPO had advised the court that it was not joining in defendant's application. The judge therefore found that defendant was not eligible for a reduction of sentence under Rule 3:21-10(b)(3). The judge entered an order dated January 22, 2019, denying the motion. This appeal followed.

On appeal, defendant argues:

POINT I
THE LOWER COURT VIOLATED PETITIONER'S DUE PROCESS PROTECTION WHEN IT [MADE A PIECEMEAL DECISION] BASED [ON] ANOTHER PETITIONER'S LEGAL MOTION (Jackson), THEREFORE REQUIRING A [VACATUR] OF THE LOWER COURT'S ORDER AND REMANDING THE MATTER BACK TO THE LOWER COURT.

POINT II
THE LOWER COURT VIOLATED THE PETITIONER'S EQUAL PROTETION OF THE LAW WHEN IT COULD NOT RULE PROPERLY IN THE CASE BECAUSE IT DID NOT INDEPENDENTLY RULE ON EACH LEGAL ARGUMENT ON THE MERITS, NOT ENTERTAINING ORAL ARGUMENT ON THE PETITION. THEREFORE, THE LOWER COURT'S ORDER MUST BE REVERSED AND THE MATTER REMANDED FOR ORAL ARGUMENT.

POINT III
THE LOWER COURT FAILED TO UPHOLD THE
INTEREST OF JUSTICE WHEN IT VIOLATED
PETITIONER'S CONSTITUTIONAL RIGHT TO
SELF-REPRESENTATION ON HIS MOTION FOR A
REDUCTION OR CHANGE OF SENTENCE,
THEREFORE THIS MATTER MUST BE REVERSED
AND REMANDED.

We have considered defendant's arguments in light of the record and the applicable law. We are convinced defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). However, we add the following comments.

Defendant filed a motion pursuant to Rule 3:21-10 for the reduction of his sentence. Rule 3:21-10(a) provides in pertinent part that such a motion must be filed within sixty days after the date of the JOC, and the court may on motion, or its own initiative, change or reduce a sentence by order filed within seventy-five days after the date of the JOC.

Rule 3:21-10(b) provides, however, that an order may be entered at any time:

> (1) changing a custodial sentence to permit entry of the defendant into a custodial or non-custodial treatment or rehabilitation program for drug or alcohol abuse; or
>
> (2) amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant; or

7

(3) changing a sentence for good cause shown upon the joint application of the defendant and [the] prosecuting attorney; or

(4) changing a sentence not authorized by law including the Code of Criminal Justice; or

(5) correcting a sentence not authorized by law including the Code of Criminal Justice; or

(6) changing a custodial sentence to permit entry into the Intensive Supervision Program; or

(7) changing or reducing a sentence when a prior conviction has been reversed on appeal or vacated by collateral attack.

As we have explained, defendant filed a motion seeking relief under Rule 3:21-10(b)(3). He asserted that he had established "good cause" for a reduction of his sentence. As defendant acknowledged, however, the prosecuting attorney did not join in his motion. The trial court correctly found that, under the circumstances, it did not have authority under Rule 3:21-10(b)(3) to grant defendant the relief he was seeking.

We note that while defendant asserted in his motion that he wanted to enter a SUD at one of the State's correctional facilities, defendant did not seek relief under Rule 3:21-10(b)(1). In any event, in his motion, defendant did not establish that he qualified for admission to the SUD, or that a change in his sentence would necessarily gain him admission to the program.

8

Defendant argues, however, that the trial court's decision in this matter was based on a motion of another defendant. In his opinion, the judge included several paragraphs, which apparently were taken inadvertently from a decision on another motion. In all other respects, the judge accurately summarized and addressed defendant's arguments.

We are convinced that the judge may have erred by incorporating comments about another motion in his opinion, but this error had no effect on the judge's ruling on defendant's motion. The judge's decision denying defendant's motion for a change of his sentence is supported by the record and consistent with the plain language of Rule 3:21-10(b)(3).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2735-18T4